UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FDL CONSTRUCTION COMPANY, LLC, ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br><br> September 26, 2024 <br><br> **Injunctive relief sought** |

## **COMPLAINT**

1. Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), brings this case because Defendant FDL Construction Company, LLC has willfully failed to pay its employees required overtime compensation, employed a minor in a hazardous occupation, and failed to keep certain required records all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "Act" or "FLSA").

2. The Acting Secretary seeks to enjoin Defendant from violating Sections 7, 11, 12(c), 15(a)(2), 15(a)(4), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 212(c), 215(a)(2), 215(a)(4), and 215(a)(5) and to recover the back wages that Defendant failed to pay to its employees, as well as liquidated damages, pursuant to Sections 15(a)(2), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 216(c), and 217.

3. This Complaint covers the time period from September 27, 2021 through at least May 13, 2023.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(1) and (c) because FDL Construction Company LLC resides in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

### The Parties

*The Acting Secretary*

6. The Acting Secretary is vested with the authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

*Defendant FDL Construction Company, LLC*

7. Defendant FDL Construction Company, LLC ("FDL") is a limited liability company which listed a principal office address of 16 Fleming Ave, Andover, MA 01810 in its 2022 Annual Report with the Secretary of the Commonwealth's ("SOC") Corporations Division.

8. FDL also listed 16 Fleming Ave, Andover, MA 01810 as the address where records are maintained in its 2023 Annual Report with the SOC's Corporations Division.

9. FDL performs residential construction work.

10. Fabiola de Leon was listed as the manager of FDL in its certificate of organization.

**Defendant's Employees Are Covered by the FLSA**

11. At all relevant times, FDL was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as it engaged in related activities performed through unified operation or common control for a common business purpose.

12. From September 27, 2021 through at least May 13, 2023, Defendant has employed employees in said enterprise, including the employees listed in the attached Exhibit A.

13. At all relevant times, FDL's enterprise has engaged in commerce or in the production of goods for commerce, which includes having employees handle and work on tools and materials purchased at locations in Massachusetts, New Hampshire, and Maine.

14. At all relevant times, Defendant's enterprise has had an annual gross volume of sales made or business done not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

15. FDL's employees have, therefore, been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**Defendant's Wage and Hour Practices**

*Defendant Willfully Failed to Pay Employees the Required Overtime Premium*

16. Under the FLSA, FDL failed to properly compensate 63 employees for hours worked in excess of 40 hours in certain workweeks.

17. When Defendant's employees worked more than 40 hours in a workweek, Defendant did not pay its employees one and one-half times the regular rates at which the employees were employed for their overtime hours worked.

18. Instead, when employees worked more than 40 hours in a workweek, FDL typically paid those employees at their straight-time wage rates for all hours worked.

19. Defendant knew it was required to pay its employees a premium for overtime hours worked.

20. FDL either knew or showed reckless disregard for its obligation to compensate employees for their overtime hours worked at no less than one and one-half times the employees' regular rates of pay.

*Defendant Employed Oppressive Child Labor*

21. The term "oppressive child labor" in Section 12(c) of the FLSA, 29 U.S.C. § 212(c), includes the employment of minors between the ages of 16 and 18 in any occupation deemed particularly hazardous by the Secretary of Labor. *See* 29 U.S.C. § 203(l).

22. FDL violated the FLSA's prohibition on oppressive child labor by employing a minor under the age of 18 in a particularly hazardous occupation, as set out in 29 C.F.R. § 570.55.

23. Defendant employed a 16 and then 17-year-old minor from July 2022 to at least May 6, 2023.

24. In the course of the minor's employment by FDL, the minor operated a circular saw.

25. Pursuant to 29 C.F.R. § 570.55, the operation of a circular saw is a particularly hazardous occupation for minors between the ages of 16 and 18.

26. Defendant therefore violated Sections 12(c) and 15(a)(4) for the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by allowing this minor to operate a circular saw in the course of their employment by Defendant.

*Defendant Failed to Maintain Records Required by the FLSA*

27. FDL violated the FLSA by failing to make, keep, and preserve adequate and accurate records for employees.

28. Specifically, Defendant's records failed to show adequately and accurately the hours worked by employees each workday and workweek, the date of birth of an employee under the age of 19, the regular hourly rates of pay for all workweeks in which overtime compensation was due, and the addresses of all employees.

**COUNT ONE**
*Violation of Section 7 and 15(a)(2) of the FLSA—Failure to Pay Overtime Premium*

29. The Acting Secretary incorporates by reference and re-alleges all of the foregoing allegations in the Complaint.

30. During the period covered by this Complaint, FDL has willfully violated the provisions of Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying the employees listed in the attached Exhibit A the required overtime premium for all hours worked over 40 in each workweek.

31. Defendant employed employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which the employees were employed for all hours worked in excess of 40 hours.

32. Therefore, FDL is liable for overtime compensation owed to the employees listed in the attached Exhibit A, and an equal amount of liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
*Violation of Sections 12(c) & 15(a)(4) of the FLSA—Employment of Oppressive Child Labor*

33. The Acting Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

34. During the period covered by this Complaint, FDL employed a 16 and then 17-year-old minor in the particularly hazardous occupation of operating a circular saw, *see* 29 C.F.R. § 570.55, in violation of Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4).

## COUNT THREE
*Violation of Sections 11 & 15(a)(5) of the FLSA—Failure to Make and Keep Records*

35. The Acting Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

36. During the period covered by this Complaint, FDL failed to keep true and accurate records of the hours worked by and compensation paid to each of its employees in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Through the period covered by the Complaint, FDL violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendant as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it, from prospectively violating the FLSA, including

Sections 7, 11, 12(c), 15(a)(2), 15(a)(4), and 15(a)(5), 29 U.S.C. §§ 207, 211, 212(c), 215(a)(2), 215(a)(4), and 215(a)(5);

2.      For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendant liable for unpaid back wages found due to Defendant's employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due. Additional amounts of back wages and liquidated damages may be owed to certain employees listed in Exhibit A for violations continuing after May 13, 2023 and may be owed to certain employees presently unknown to the Acting Secretary who may be identified during this litigation and added to Exhibit A;

3.      For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining FDL, its officers, agents, servants, employees, and those persons in active concert or participation with it, from withholding the amount of overtime compensation found due to Defendant's employees listed in Exhibit A;

4.      In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.      Awarding the Acting Secretary the costs of this action; and

6.      Granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    Seema Nanda
    Solicitor of Labor

    Maia S. Fisher
    Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

<u>/s/ Kevin A. Shanahan</u>
Kevin A. Shanahan
Honors Attorney
shanahan.kevin.a@dol.gov
MA BBO No. 711624

United States Department of Labor
Attorneys for Plaintiff

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203
Telephone: (202) 693-0714
Facsimile: (617) 565-2142
Date: September 26, 2024

.